## TIME WITHIN WHICH TO FILE PETITION IN ERROR.

Circuit Court of Cuyahoga County.

IN RE ESTATE OF AARON BLOCH, DECEASED.

Decided, February 17, 1908.

*Appeal and Error—When Petition in Error Must be Filed.*

A petition in error must be filed within four months of the rendition of judgment, and not from the date of the entry of the judgment upon the journal.

*Collister & Halle,* for plaintiff.
*Kline, Tolles & Goff,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

The petition in error filed herein October 7, 1907, must be dismissed for want of jurisdiction, because it was filed more than four months after the rendition, May 24, 1907, of the judgment sought to be reversed. It is not material under the circumstances disclosed by the transcript that the journal entry of judgment is dated June 14, 1907, which is less than four months before the filing of the petition in error. The exact language of the transcript is as follows:

"June 14, 1907.    To court.
"This cause came on to be heard on the 24th day of May, 1907, * * * on consideration whereof the court said 24th day of May, 1907, do find," etc.

The case of *The Eldrige & Higgins Co.* v. *Barrere,* 74 Ohio St., 389, must be distinguished, for there the journal entry asserted in one place that the cause came on to be heard November 4, 1904, and in another place, that it was decided October 24, 1904, a plain contradiction, which would prevent the judgment thereby evidenced from becoming operative to the prejudice of the defeated party in respect of his right to invoke a review of said judgment at any time before the expiration of the statutory period when reckoned from the later date.

True, there is much said in the opinion of the court, as well as in *Coe* v. *Erb et al,* 50 Ohio State, 263, to the effect that a judgment becomes operative only after the date of its actual entry upon the journal; and while this is undoubtedly true on the facts of those cases, the rule is by no means universal, nor do the syllabi of those cases seek to make it so.

This court was long ago committed to the proposition that "In the nature of things a judgment must be rendered before it can be entered." *State, ex rel Best,* v. *Meacham, Clerk,* 6 C. C., 31, 34. The journal entry in this case plainly and consistently distinguishes between the date of rendition and date of entry of the judgment complained of.

The statute requires a bill of exceptions to be filed within four months after the rendition of judgment.

The defeated party below was not misled, because his motion for a new trial was filed May 25, 1907, the day following the rendition of the judgment, and twenty days before the entry thereof, nor was there any opportunity for such misunderstanding as sometimes results where the overruling of the motion for new trial and the entry of final judgment are contemporaneous. The entry of judgment here was June 14, 1907, whereas the motion for a new trial was overruled five days later, to-wit, June 19, 1907. There was nothing, therefore, by which the defeated party could have been misled.

Petition in error dismissed.